**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

APR 12 2007

JAMES N. HATTEN, Clerk
By Vicki Dougherty
Deputy Clerk

| | |
|---|---|
| MABEL J. CLEMMER, Individually and as Executrix of the Estate of JAMES M. CLEMMER, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY SEAN WHITAKER, M.D. and BLUE RIDGE SURGICAL, INC., <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. 2 07-CV-0034 |

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW MABEL J. CLEMMER, individually as Executrix of the Estate of JAMES M. CLEMMER ("CLEMMER") and complains against TIMOTHY SEAN WHITAKER, M.D., and BLUE RIDGE SURGICAL, INC., and for a cause of action shows the Court the following:

1.

### PRELIMINARY STATEMENT

This is a wrongful death action resulting from the medical malpractice committed upon 63 year-old James Clemmer as authorized by O.C.G.A. § 51-4-2. The allegations of malpractice implicate Defendants' failure to

1

recognize and provide adequate care and treatment for a perforated bowel that occurred during a colonoscopy that ultimately caused CLEMMER's untimely death.

## PARTIES

2.

MABEL J. CLEMMER is currently a resident of the State of North Carolina and is also the Executrix of the Estate James M. Clemmer. MABEL J. CLEMMER was duly appointed as the Executrix of James M. Clemmer's Estate pursuant to the issuance of Letters Testamentary by the Probate Court of Clay County in North Carolina on March 10, 2006. (See Exhibit A, attached.)

3.

MABEL J. CLEMMER in her representative capacity brings this action to recover for pain and suffering, medical expenses and funeral expenses on behalf of CLEMMER's Estate, in an amount exceeding $75,000.00, exclusive of costs, interest and attorneys fees.

4.

MABEL J. CLEMMER also brings this action pursuant to O.C.G.A. §51-4-2 for the recovery of the wrongful death of CLEMMER in an amount exceeding $75,000.00, exclusive of costs, interests or attorney fees. The

proceeds of this action will be distributed according to O.C.G.A. § 51-4-2(d) to Mabel J. Clemmer and the two adult children, Kenneth James Clemmer and Tamara Dianh Clemmer, that were born as a result of the marriage between Mabel J. Clemmer and CLEMMER.

5.

MABEL J. CLEMMER and CLEMMER were married on October 18, 1961, have lived together as man and wife since then and, at the time of CLEMMER's death, resided in Clay County, North Carolina.

6.

TIMOTHY SEAN WHITAKER, M.D. (hereinafter "WHITAKER") is a resident of Fannin County and the State of Georgia and may be personally served at his place of business, which is Blue Ridge Surgical, Inc., 2855 Old Highway 5, Suite 109, Blue Ridge, Georgia 30513.

7.

BLUE RIDGE SURGICAL, Inc. (hereinafter "BLUE RIDGE") is a corporation created pursuant to the laws of Georgia. The principal place of business and registered agent for BLUE RIDGE is in Fannin County, State of Georgia, and said Defendant can be served with upon its registered agent as follows: Timothy Whitaker, 2855 Old Highway 5, Suite 109, Fannin County, Georgia 30513.

8.

As there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interests, cost and attorney fees, venue and jurisdiction in this Court is proper as to all parties.

## FACTS

9.

On or about April 16, 2004, WHITAKER caused and facilitated the formation and incorporation of BLUE RIDGE SURGICAL, INC.

10.

CLEMMER was born April 12, 1942 and, as a child, had an exploratory abdominal operation when he was approximately 10 years old.

11.

CLEMMER had a colonoscopy performed by Dr. Scott Ainsworth on January 27, 2006 at Union General Hospital in Blairsville, Georgia. The procedure was not completed when the colonoscope could not be passed beyond an apparent obstruction in the transverse colon. A subsequent barium enema performed at Union General Hospital revealed a nearly obstructing lesion and free air in the intra-peritoneal space of the abdominal cavity.

12.

CLEMMER was immediately referred to WHITAKER and BLUE RIDGE, who admitted CLEMMER to Fannin Regional Hospital on January 27, 2006. WHITAKER did an initial work up that included ordering an abdominal CT scan for the next day and observation over the weekend with a scheduled laparoscopic colon resection for Monday, January 30, 2006.

13.

Abdominal CT scan was performed on Saturday, January 28, 2006, revealing a large volume of free intra-peritoneal air, a large umbilical hernia, and bilateral renal cysts.

14.

WHITAKER was aware of the presence of intra-peritoneal air by at least Sunday, January 29, 2006, at approximately 8:50 a.m.

15.

WHITAKER performed laproscopic surgery on Monday, January 30, 2006 that consisted of adhesiolysis with incisional hernia reduction and the hernia defect was covered with dual-sided mesh introduced with the assistance of a hand-assist port.

16.

On Tuesday, January 31, 2006, CLEMMER had abdominal pain, diffuse sweating (diaphoresis), nausea and tachycardia with no chest pain and no shortness of breath. Cardiac enzymes were negative for indications of a myocardial infarction. Portable chest x-ray showed no acute findings, Doppler studies of both lower extremities showed no evidence of deep venous thrombosis (DVT).

17.

CLEMMER had an ultrasound of his abdomen performed Wednesday, February 1, 2006, that showed free fluid in the right lower quadrant, left upper quadrant and right upper quadrant. An echo cardiac study demonstrated normal left ventricular function.

18.

On Wednesday, February 1, 2006, CLEMMER was hypotensive, placed on levophed, had a low oxygen saturation of 93% and was still tachycardiac. Dr. Suzanne Turner, the attending physician while CLEMMER was in the Intensive Care Unit at Fannin Regional Hospital, ordered Airlift transfer of CLEMMER to St. Joseph's Hospital in Atlanta to the care of Dr. William Knapp for "continued shock" and further evaluation and treatment.

19.

On arrival of the LifeFlight helicopter to St. Joseph's Hospital, CLEMMER was tachycardic, diaphoretic, tachypneic and his extremities were cold. CLEMMER arrived with levophed medication administered intravenously.

20.

CLEMMER's hospital course at St. Joseph's was attended with consults from infectious disease, pulmonary and renal services. CLEMMER required intubation and ventilation. He was taken to surgery on February 7, 2006 for re-exploration, where thickened infected peritoneal fluid was evacuated.

21.

CLEMMER's condition further deteriorated with development of rapid atrial fibrillation and rapid ventricular response.

22.

At 10:50 AM on February 9, 2006, CLEMMER was pronounced dead at the age of 63.

23.

Necessary medical expenses for the care and treatment of CLEMMER exceed $ 230,000.00.

24.

Funeral expenses for CLEMMER are $ 4,250.00.

## **COUNT I**

## **ALLEGATIONS AGAINST TIMOTHY SEAN WHITAKER, M.D.**

25.

Plaintiffs incorporate by reference all preceding paragraphs of this complaint as if fully stated herein.

26.

WHITAKER was negligent in the care and treatment of CLEMMER in the following particulars, which include but are not limited as follows:

(a)   CLEMMER was admitted to Fannin Regional Hospital and seen by WHITAKER on Friday, January 27, 2006 with free air in the abdominal cavity (intra-peritoneal) following an attempted colonoscopy. CLEMMER was placed under observation in the hospital NPO until a scheduled laparoscopic surgical exploration could be performed on Monday, January 30, 2006. A barium enema performed Friday, January 27, 2006, confirmed by a CT scan on Saturday, January 28, 2006, revealed that CLEMMER had free intra-peritoneal air and was therefore a very poor candidate for hospital observation. The standard of care would have required CLEMMER to undergo immediate abdominal exploratory surgery to find

the source of the free abdominal (intra-peritoneal) cavity air. This was not done and the delay in not performing the exploratory surgery was a breach of the standard of care by WHITAKER and caused the complications that led to his mortality.

(b) The procedure performed by WHITAKER on Monday, January 30, 2006, a laparoscopic exploratory and incisional hernia repair, was the wrong surgical procedure and this was a breach of the standard of care.

(c) On Tuesday, January 31, 2006, CLEMMER exhibited diffuse sweating (diaphoresis) increased heart rate (tachycardia), weakness, and nausea. These are classic symptoms of a post operative bowel leak that should have caused WHITAKER to suspect an acute abdomen, peritonitis and possible bowel leak. Based upon the patient's condition and findings, the standard of care would have required WHITAKER to perform exploratory surgery as an emergency procedure.

(d) The delay of an effective repair of the bowel leak from January 27, 2006 to February 1, 2006 was a breach in the standard of care. When the patient's symptoms demonstrate a leak, it is a surgical emergency. The repair needs to take place immediately. This was not done.

27.

As a direct and proximate result of the negligence described herein, CLEMMER and MABEL J. CLEMMER have sustained injuries and special damages presently exceeding $230,000.00 as will be established at the time of trial.

28.

Attached to this Complaint is an Affidavit which is required to be filed pursuant to O.C.G.A. §9-11-9.1. In such Affidavit at least one act of negligence of WHITAKER is alleged as set forth in this Complaint.

## **COUNT II**

## **ALLEGATIONS AGAINST BLUE RIDGE SURGICAL, INC.**

29.

Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully stated herein.

30.

At all times material hereto, Whitaker was an agent, employee, officer or director acting within the scope of his agency, employment and/or official capacity of BLUE RIDGE. As such, BLUE RIDGE is responsible for the negligence of WHITAKER.

31.

The joint negligence of WHITAKER and BLUE RIDGE is the sole proximate cause of the injury and death of CLEMMER.

32.

As a direct and proximate result of the negligence described herein, CLEMMER and MABEL J. CLEMMER have sustained injuries and special damages presently exceeding $ 230,000.00, as will be established at the time of trial.

## COUNT III — PUNITIVE DAMAGES

33.

Plaintiffs incorporate the foregoing paragraphs as if fully incorporated herein.

34.

There exists proof by clear and convincing evidence that the Defendants' actions and conduct towards Plaintiffs raise the presumption of conscious indifference to the consequences and the willful and wanton acts of the Defendants in the care and treatment of CLEMMER.

35.

By virtue of the facts herein alleged, an award of punitive damages is in order to punish, penalize or deter Defendants from their continued course of conduct and conscious indifference to the consequences of their actions and inactions.

## **RELIEF SOUGHT**

36.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

37.

MABEL J. CLEMMER as the Executrix of the Estate of CLEMMER seeks damages for the recovery of the medical expenses, pain and suffering and funeral expenses of CLEMMER.

38.

MABEL J. CLEMMER, individually, seeks a recovery for loss of services, society and emotional distress during the life of CLEMMER.

39.

MABEL J. CLEMMER, individually, seeks damages pursuant to O.C.G.A. §51-4-2 for the wrongful death of CLEMMER in the amount of the full value of the life of CLEMMER as established by the jury.

40.

MABEL J. CLEMMER as Executrix of the Estate of CLEMMER is entitled to recover punitive damages against all Defendants for the conscious disregard of the consequences and the willful and wanton acts of the Defendants in the care and treatment of CLEMMER.

41.

Attached is a medical authorization required to be filed pursuant to O.C.G.A. §9-11-9.2. Plaintiff MABEL J. CLEMMER objects to providing this authorization and deems the same a violation of the Health Insurance Portability and Accountability Act.

WHEREFORE, the Plaintiff prays as follows:

(a)   That process issue and the Defendants be served as provided by law;

(b)   That MABEL J. CLEMMER, as Executrix of the Estate of CLEMMER, recover of the Defendants jointly and severally for medical expenses, pain and suffering and funeral expenses of CLEMMER;

(c)   That MABEL J. CLEMMER, individually, recover an amount for the loss of services, society and companionship CLEMMER as authorized by Georgia law.

(d) That MABEL J. CLEMMER, individually, recover for the full value of the loss of the life of CLEMMER;

(e) That MABEL J. CLEMMER, in her capacity as the Executrix of CLEMMER recover punitive damages against the Defendants;

(f) That Plaintiffs have a trial by jury on all issues raised in this Complaint; and

(g) That Plaintiff have any and all other relief the Court may deem just and proper.

[signatures appear on next page]

Respectfully submitted this __10__ th day of April, 2007.

                THE BARNES LAW GROUP, LLC

                _____
                Roy E. Barnes
                Ga. Bar No. 039000
                Email: roy@barneslawgroup.com
                John R. Bevis
                Ga. Bar No. 056110
                Email: bevis@barneslawgroup.com

Of Counsel:

_____
Joseph Citron
Ga. Bar No. 128269
Email: joe@barneslawgroup.com

                Attorneys for Plaintiff

P.O. Box 489
31 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-227-6375
Facsimile: 770-227-6373

15



# VERIFICATION

STATE OF GEORGIA

COUNTY OF COBB

Personally appeared before the undersigned officer, duly authorized to administer oaths, came Mabel J. Clemmer, who, after being duly sworn, deposes and states that the facts contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.

_____
Mabel J. Clemmer
AFFIANT

Sworn to and subscribed before me,
this 6th day of April, 2007.

_____
Notary Public
My Commission Expires: